The relief described hereinbelow is SO ORDERED.

Signed March 26, 2010.

_____
ROBERT D. BERGER
United States Bankruptcy Judge

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

**In re:**

| | |
|---|---|
| **CORINE LYONS,** | **Case No. 09-22773** |
| **Debtor.** | **Chapter 13** |

| | |
|---|---|
| **RONALD JANES,** | |
| **Plaintiff,** | |
| v. | **Adv. No. 09-06101** |
| **CORINE LYONS,** | |
| **Defendant.** | |

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO DISMISS

Defendant's Motion to Dismiss the complaint objecting to discharge of a debt under 11 U.S.C. §523(a)(2) and(6) is before the Court.[1] Plaintiff Ronald Janes seeks to except from discharge approximately $54,000.00, alleging Defendant improperly retained maintenance

---

[1] Doc. No. 14.

10.03.25 Janes v Lyons MTD Denied.wpd

payments to which she was no longer entitled under a divorce decree. Pre-petition, Janes obtained two state court judgments against Debtor which included a statutory attorney fee award. Debtor argues the complaint fails to state a claim for relief. The Court, having reviewed the relevant pleadings, denies Defendant's motion.

## Background

Debtor filed for bankruptcy on August 26, 2009. Prior to filing, Debtor and Janes litigated in state court over their May 2003 divorce decree. In December 2007, the judge in their divorce case ruled, among other things: (1) Debtor's entitlement to maintenance payments was conditioned upon her monthly income; (2) when Debtor earned more than $2,500.00 per month, her right to maintenance payments from Janes automatically terminated; (3) Debtor reached the income threshold and must have know she was abandoning her right to maintenance payments under the divorce decree; (4) nevertheless, Debtor continued to take maintenance payments from Janes without informing him of her income; and (5) Debtor was legally obligated to reimburse Janes for all payments she received after Janes's maintenance obligation terminated. The divorce case judge did not determine the amount required to be reimbursed, so, for over a year, the parties continued to litigate. On February 5, 2009, and on May 29, 2009, another state court judge entered judgments against Debtor, finding Debtor improperly took maintenance payments for 22 months when she knew she was not entitled to them. The second judgment awarded Janes his attorney's fees under K.S.A. §60-1610(b)(4). The judgments find: (1) Debtor knew her right to receive maintenance terminated in March 2005 when she began making more than $2,500 per month; (2) Debtor had an obligation pursuant to the divorce decree to inform Janes of this fact and to refund to him any maintenance payment made after March 2005; (3) Debtor did not so

inform Janes; (4) only Debtor had control over information pertaining to her income, and Janes could not have known about Debtor's salary increases unless she told him, which she did not do until December 2006; (5) Janes was entitled to restitution for the maintenance paid between March 2005 and January 2007; and (6) Janes was entitled to his attorney's fees because Debtor's protraction of the litigation was deemed unwarranted. The state court judgments are a result of summary judgment proceedings and include findings of fact and conclusions of law. The judgments are final and have not been appealed or otherwise challenged. Despite this, Debtor alleges Janes's complaint, based upon the state court judgments, fails the standard of *Ashcroft v. Iqbal,* – U.S. –, 129 S. Ct. 1937 (2009), to sufficiently plead facts which state a plausible claim for relief.

## Discussion

In considering a motion to dismiss, the Court accepts all well-pleaded factual allegations, as opposed to conclusory legal allegations, as true and construes them in the light most favorable to the plaintiff.[2] To survive a Rule 12(b)(6) motion to dismiss, or a Rule 12 (c) motion for judgment on the pleadings, a complaint must contain sufficient factual allegations to state a plausible claim to relief.[3] A claim is plausible when plaintiff pleads sufficient facts to allow the court to reasonably infer the defendant is liable for the alleged misconduct. Mere recitation of the elements of a cause of action is insufficient. The conclusory "the defendant unlawfully harmed me" accusation is insufficient. Still, the complaint need not contain detailed factual allegations; the allegations must be enough to raise a right to relief above the speculative level.

---

[2] *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991).
[3] *Iqbal,* – U.S. –, 129 S. Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *Near v. Crivello,* – F. Supp. 2d –, 2009 WL 4251753 (D. Kan. Nov. 25, 2009).

The issue is not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.[4] In determining whether facts are sufficiently pled for a Rule 12(b)(6) or (c) motion, the court may consider exhibits attached to the complaint.[5] "[A]n exhibit to a pleading is a part of the pleading for all purposes."[6]

Complaints for nondischargeability for fraud under 11 U.S.C. §523(a)(2) also have heightened pleading requirements under Fed R. Bankr. P. 7009. Alleging fraud with Rule 9's required particularity means (1) identifying who made the misrepresentation; (2) stating the time, place and content of the misrepresentation; and (3) describing how the misrepresentation was communicated and its consequences.[7] Rule 9 is often applied more liberally to fraud by silence claims because it may be difficult to identify exactly when, where, and by whom a representation should have been made.[8] Rule 9 requires simple, concise, and direct averments which are construed so as to do substantial justice.[9] The result should allow the defendant fair and reasonable notice of plaintiff's claims and the factual grounds upon which the claims are based.[10]

Plaintiff's §523(a)(2)(A) and (a)(6) complaint alleges fraud by silence. The elements of fraud by silence are: (a) defendant had knowledge of material facts which the plaintiff did not have and could not have discovered in the exercise of reasonable diligence; (b) defendant was under an obligation to communicate the material fact to the plaintiff; (c) defendant intentionally failed to communicate the material fact to plaintiff; (d) plaintiff justifiably relied on defendant to

---

[4] *Id.*
[5] *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).
[6] Fed. R. Bankr. P. 7010.
[7] *Koch v. Koch Industries, Inc.,* 203 F.3d 1202, 1236 (10th Cir. 2000).
[8] *Near*, 2009 WL 4251753, at *5.
[9] *In re Panem*, 352 B.R. 269, 281 (Bankr. D. Colo. 2006).
[10] *Id.*

communicate the material fact; and (e) and the plaintiff was damaged.[11] Fraud by silence may constitute false pretenses under §523(a)(2)(A).[12] In order to establish a debt is nondischargeable under §523(a)(2)(A), the plaintiff must prove: (a) the defendant made an omission; (b) promoted knowingly and willingly by the defendant; (c) creating a contrived and misleading understanding on the part of the plaintiff; and (d) which wrongfully induced the plaintiff to advance money to the defendant.[13] In order to establish a debt is nondischargeable under §523(a)(6), the plaintiff must show: (a) debtor committed a wrongful and intentional act; (b) the act necessarily caused injury to plaintiff; (c) the act was without just cause or excuse; and (d) debtor acted with the specific intent to cause injury to the plaintiff or knew or believed injury to plaintiff was substantially certain to occur as a result of her actions.[14]

Plaintiff's complaint sufficiently alleges facts asserting a §523 objection to dischargeability. Plaintiff attached a Journal Entry Granting Summary Judgment and an Order Granting Attorney Fees. These documents are considered to determine the sufficiency of the complaint. The judgments contain findings of fact. Debtor argues the same facts which previously led to state court judgments are now somehow insufficient to provide notice of a plausible claim for relief in a subsequent bankruptcy proceeding. Plaintiff pleads (a) Debtor did not tell him about her salary increases; (b) Debtor continued to accept maintenance payments for 22 months after she knew she was no longer entitled to them; (c) Plaintiff did not know and could not have known about the salary increases until December 2006; and (d) Plaintiff paid 22 months of maintenance he would not have otherwise paid. The first state court judgment finds:

---

[11] *Brennan v. Kunzle,* 37 Kan. App. 2d 365 (2007).
[12] *Rescuecom Corp. v. Khafaga,* 419 B.R. 539, 546 (Bankr. E.D.N.Y. 2009).
[13] *Id.*
[14] *In re Pasek,* 983 F.2d 1524, 1527 (10th Cir. 1993); *Kawaauhau v. Geiger,* 523 U.S. 57 (1998).

"[Debtor] must have, or should have known, that her right to receive maintenance was terminated upon the receipt of her payment on March 26, 2005. She had an obligation to inform [Plaintiff] of this fact and to refund to him any maintenance payment he made to her after March 2005. [Debtor] did not do so. Between April 2005 and January 2007, inclusive, [Debtor] accepted from [Plaintiff] 22 monthly payments to [Debtor]...for a total amount of Twenty-Eight Thousand Three Hundred Two and 56/100 Dollars ($28,302.56)." The award of attorney's fees finds Debtor unreasonably protracted unnecessary litigation. In this case, the state court determined the precise month when Debtor should have disclosed her salary information to Plaintiff. In the complaint, Plaintiff alleges he could not have known his ex-wife's monthly salary without her informing him. The underlying judgments find Debtor had control over her salary information and was under a duty to share the information with Plaintiff when she reached the court-ordered threshold. The foregoing are findings of facts, not conclusory legal allegations. The judgments contain conclusions of law, but not without supporting facts supplying the context for their application. The judgments were entered after contentious litigation actively participated in by both parties and were not entered by default. *Iqbal* can not apply to a complaint supported by an underlying judgment containing findings of fact and conclusions of law which were fairly and fully litigated in another forum. *Iqbal* is more likely to succeed against complex complaints where all the facts are not known to the plaintiff, and the plaintiff is just assuming there must have been a plot against him. *Iqbal* evolved from cases attempting to allege discrimination, conspiracy, and anti-trust. Plaintiff in this case has already alleged and proven a set of facts entitling him to relief. The question before this Court, pursuant to its exclusive jurisdiction, is whether these same facts give rise to a nondischargeable debt

under §523. The complaint more than sufficiently provides Debtor with notice of the specific nature of the action and the facts upon which the action is based.[15] The complaint contains very detailed facts, well beyond the *Iqbal* standard.

### Conclusion

IT IS ORDERED the Defendant's motion to dismiss complaint or for judgment on the pleadings is DENIED.

###

ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS

---

[15] Debtor seems to be arguing *Iqbal* abrogated notice pleading. *Iqbal* should not be read so expansively. *Iqbal* does not require detailed factual allegations. *Iqbal*, 129 S. Ct. at 1940. Notice pleading remains the baseline rule in Federal Courts post-*Iqbal*. *See* Fed. R. Civ. P. 8(a)(2); *Arocho v. Nafziger,* slip copy, 2010 WL 681679, at *8 (10th Cir. Mar. 1, 2010); *In re Morgan Stanley Information Fund Securities Litigation,* 592 F.3d 347, 358 (2nd Cir. 2010); *Fowler v. UPMC Shadyside,* 578 F.3d 203, 213 (3rd Cir. 2009); *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009).

*Iqbal* simply modified notice pleading to include a facial plausibility requirement. Thus, the successful use of *Iqbal* in a Rule 12 motion will likely be limited to cases involving complex claims with multiple factual facets and cases where the rejected "can prove no set of facts" language might have previously saved a sketchy factual complaint. Further, *Iqbal* describes a context-specific task in determining whether a complaint states a plausible claim based upon the judge's experience and common sense. *Iqbal,* 129 S. Ct. at 1950. As in this case, bankruptcy judges often see nondischargeability complaints based upon prior state court judgments. In this context, especially in cases fully litigated and not decided by default, the state court judgment not only alleges but establishes with finality what the defendant did and why the plaintiff was entitled to relief. The plaintiff does not need to allege, or prove, much more to meet the *Iqbal* and Rule 8(a) standards because collateral estoppel will bar relitigation of issues previously decided. *Brown v. Felson*, 442 U.S. 127, 139 n.10 (1979). Issue preclusion may even determine the dischargeability of the underlying claim in the bankruptcy court proceeding. 4 COLLIER ON BANKRUPTCY ¶ 523.06 at 523-22 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2009). A motion under *Iqbal* seems particularly inappropriate in these circumstances.