The relief described hereinbelow is SO ORDERED.

Signed July 28, 2011.

_____
ROBERT D. BERGER
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

**In re:**

**CORINE LYONS,**     Case No. 09-22773
        **Debtor.**     Chapter 13

**RONALD JANES,**
        **Plaintiff,**

     v.     Adv. No. 09-06101

**CORINE LYONS,**
        **Defendant.**

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff's Motion for Summary Judgment is granted.[1] Plaintiff Ronald Janes seeks to except from discharge pursuant to 11 U.S.C. §523(a)(2) and (6) approximately $54,000 he was awarded in two state court judgments against Debtor. The state court found Debtor improperly

---

[1] Doc. No. 42.

took maintenance payments from Plaintiff which she was not entitled to under their divorce decree. Debtor is collaterally estopped from relitigating the findings of fact found by the state court.

## Findings of Fact

Debtor filed for bankruptcy on August 26, 2009. Prior to filing, Debtor and Janes litigated their divorce in state court and a decree of divorce was entered in May 2003. In December 2007, the judge in their divorce case ruled, among other things: (1) Debtor's entitlement to maintenance payments under the decree of divorce was conditioned upon her monthly income; (2) when Debtor earned more than $2,500.00 per month, her right to maintenance payments from Janes automatically terminated; (3) Debtor reached the income threshold and must have known she was abandoning her right to maintenance payments under the divorce decree; (4) nevertheless, Debtor continued to take maintenance payments from Janes without informing him of her income; and (5) Debtor was legally obligated to reimburse Janes for all payments she received after Janes's maintenance obligation terminated. The divorce case judge did not determine the amount required to be reimbursed, so, for over a year, the parties continued to litigate. On February 5, 2009, and on May 29, 2009, another state court judge entered judgments against Debtor, finding Debtor improperly took maintenance payments for 22 months when she knew she was not entitled to them. The second judgment awarded Janes his attorney's fees under K.S.A. §60-1610(b)(4). The judgments find: (1) Debtor knew her right to receive maintenance terminated in March 2005 when she began making more than $2,500 per month; (2) Debtor had an obligation pursuant to the divorce decree to inform Janes of this fact and to refund to him any maintenance payment made after March 2005; (3) Debtor did not

inform Janes; (4) only Debtor had control over information pertaining to her income, and Janes could not have known about Debtor's salary increases unless she told him, which she did not until December 2006; (5) Janes was entitled to restitution for the maintenance paid between March 2005 and January 2007; and (6) Janes was entitled to his attorney's fees because Debtor's protraction of the litigation was unwarranted. The state court judgments are a result of summary judgment proceedings and include findings of fact and conclusions of law. The judgments are final and have not been appealed or otherwise challenged.

## Discussion

Collateral estoppel applies in §523(a) proceedings.[2] Federal courts must give state court judgments full faith and credit.[3] The law of the state issuing the judgment applies.[4] Under Kansas law, collateral estoppel applies to a prior judgment entered on the merits which determined the rights and liabilities of the same parties based upon the facts.[5] The parties to a prior judgment may not relitigate the facts.[6]

## Section 523(a)(2)

Fraud by silence may constitute false pretenses under §523(a)(2)(A).[7] Plaintiff must

---

[2] *Grogan v. Garner,* 498 U.S. 279, 284 (1991).
[3] 28 U.S.C. §1738.
[4] *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373 (1985).
[5] *Regency Park, LP, v. City of Topeka,* 267 Kan. 465, 478 (1999).
[6] *In re Wallace,* 840 F.2d 762, 764 (10th Cir. 1988).
[7] *Rescuecom Corp. v. Khafaga,* 419 B.R. 539, 546 (Bankr. E.D.N.Y. 2009); *see also* HENRY J. SOMMER & MARGARET DEE MCGARITY, COLLIER FAMILY LAW AND THE BANKRUPTCY CODE ¶ 6.08[3] at 6-115 through 6-117 (2010), discussing the following cases: *In re Wendt,* 381 B.R. 217 (Bankr. S.D. Tex. 2007), wherein the court found that the debtor's silence regarding a material fact to induce a former spouse to release her claim for alimony rendered the debt nondischargeable under §523(a)(2); *In re Lang,* 293 B.R. 501 (B.A.P. 10th Cir. 2003), wherein debtor's fraudulent statements regarding the parentage of her child gave rise to a nondischargeable debt to her ex-husband in the amount of paid child support; *In re Capelli,* 261 B.R. 81 (Bankr. D. Conn. 2001), wherein debtor's failure to inform his ex-wife of the receipt of settlement proceeds from which he promised to repay loans to her rendered the debt nondischargeable under §523(a)(2).

establish (a) defendant had knowledge of material facts which the plaintiff did not have and could not have discovered in the exercise of reasonable diligence; (b) defendant was under an obligation to communicate the material fact to the plaintiff; (c) defendant intentionally failed to communicate the material fact to plaintiff; (d) plaintiff justifiably relied on defendant to communicate the material fact; and (e) and the plaintiff was damaged.[8] The facts must show the defendant made a false representation or a material omission with an intent to deceive, and the plaintiff justifiably relied upon it to his detriment.[9]

The state court findings of fact have determined all elements necessary to sustain a §523(a)(2) objection to dischargeability. The first state court judgment finds:

> [Debtor] must have, or should have known, that her right to receive maintenance was terminated upon the receipt of her payment on March 26, 2005. She had an obligation to inform [Plaintiff] of this fact and to refund to him any maintenance payment he made to her after March 2005. [Debtor] did not do so. Between April 2005 and January 2007, inclusive, [Debtor] accepted from [Plaintiff] 22 monthly payments to [Debtor]...for a total amount of Twenty-Eight Thousand Three Hundred Two and 56/100 Dollars ($28,302.56).

The award of attorney's fees finds Debtor unreasonably protracted unnecessary litigation. In this case, the state court determined the precise month when Debtor should have disclosed her salary information to Plaintiff. The judgments find Debtor had control over her salary information and was under a duty to share the information with Plaintiff when she reached the court-ordered threshold. The judgments find Debtor did not disclose the information she was obligated to share with Plaintiff, but instead improperly accepted and retained maintenance payments to

---

[8] *Brennan v. Kunzle,* 37 Kan. App. 2d 365 (2007).

[9] *Field v. Mans,* 516 U.S. 59 (1995). Section 523(a)(2)(A) is "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." In contrast, §523(a)(2)(B) concerns a statement in writing pertinent to the debtor's financial condition that is materially false. Plaintiff does not make any allegations regarding a written misrepresentation.

-4-

which she knew she was not entitled. The state court then assessed attorney's fees against Plaintiff for protracting the litigation instead of making restitution. All facets of the judgment are not dischargeable, for the law provides "[i]f a debt is found nondischargeable under [§523(a)(2)], all parts of the debt, including punitive damages and previously awarded attorney's fees are nondischargeable . . . ."[10] The judgments were entered after contentious litigation actively participated in by both parties and were not entered by default. Plaintiff has already proven the facts necessary to sustain a §523(a)(2)(A) objection to discharge, and there are no undecided material factual issues left for this Court.

### Section 523(a)(6)

In order to establish a debt is nondischargeable under §523(a)(6), the plaintiff must show: (a) debtor committed a wrongful and intentional act; (b) the act necessarily caused injury to plaintiff; (c) the act was without just cause or excuse; and (d) debtor acted with the specific intent to cause injury to the plaintiff or knew or believed injury to plaintiff was substantially certain to occur as a result of her actions.[11]

Since this Court finds that Debtor's obligation to Plaintiff is not dischargeable under §523(a)(2), the Court need not make such determination under §523(a)(6). The Court notes that there are family-related obligations that have been found nondischargeable under §523(a)(6), such as a debtor's failure to inform the ex-spouse of receipt of and failure to pay over retirement pension funds, which acts constituted wrongful conversion and rendered a debtor's obligation to the spouse nondischargeable under §523(a)(6).[12]

---

[10] SOMMER & MCGARITY, *supra*, ¶ 6.08[3] at 6-115 (2010), citing to *Cohen v. De La Cruz*, 523 U.S. 213 (1998).
[11] *In re Pasek,* 983 F.2d 1524, 1527 (10th Cir. 1993); *Kawaauhau v. Geiger,* 523 U.S. 57 (1998).
[12] *See* generally SOMMER & MCGARITY, *supra*, ¶ 6.08[6] at 6-123 through 6-127.

## Conclusion

Neither party raises whether Debtor's obligations to Plaintiff as to the overpayment of child support may represent a domestic support obligation under §523(a)(5) and hence nondischargeable. Such an argument has found favor with some courts.[13] Since this section was not argued by either party, this Court makes no such determination, although concurrent jurisdiction rests with the state court to determine the dischargeability of debts under §523(a)(5).[14] Additionally, plaintiff does not assert a claim for attorney's fees associated with the prosecution of this adversary proceeding. Regardless, this Court does not have jurisdiction to entertain or grant such a request, although Plaintiff may look to the state court for the award of such attorney's fees.[15] Although any claim for attorney's fees by Plaintiff most likely constitutes a post-petition claim and is not therefore subject to the discharge injunction under §524, to the extent necessary, this Court grants relief from the discharge injunction for Plaintiff to make such a claim with the state court of competent jurisdiction if Plaintiff so desires.

IT IS ORDERED Plaintiff's motion for summary judgment is GRANTED.

### ###

ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS

---

[13] *See* SOMMER & MCGARITY, *supra*, ¶ 6.05[13] at 6-83 (2010).

[14] *Matter of the Marriage of Sailsbury*, 13 Kan. App. 2d 740 (1989).

[15] *See In re Trump*, 309 B.R. 585 (Bankr. D. Kan. 2004), cited at SOMMER & MCGARITY, *supra*, ¶ 6.05[1] at 6-60 n.49 (2010); *but see In re Busch*, 294 B.R. 137 (B.A.P. 10th Cir. 2003), wherein the court found that a bankruptcy court may award attorney's fees attendant to dischargeability proceedings under §523(a)(5) if there is provision under state law for attorney's fees.